## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
## No.24-2311

| | | |
|---|---|---|
| **SHUKEITHA JACKSON** | ) | Appeal from the United States |
| | ) | District Court for the Northern |
| Plaintiff-Appellant, | ) | District of Illinois, Seventh Circuit |
| | ) | Case No. 1:23-cv-3747 |
| V. | ) | |
| | ) | |
| **ABBVIE INC.** | ) | Judge: Mary M. Rowland |
| | ) | |
| Defendant-Appellee | ) | Magistrate Judge: Cummings |
| | ) | |
| | ) | |

## BRIEF AND REQUIRED SHORT APPENDIX
## OF PLAINTIFF-APPELLANT SHUKEITHA JACKSON

Shukeitha Jackson
523 Helmholz Ave.
Waukegan, IL. 60085
(224) 469-5302

Jon E. Klinghoffer
Benjamin W. Chertok
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
CHICAGO, IL. 60603
jon.klinghoffer@goldbergkohn.com
benjamin.chertok@goldbergkohn.com



U.S.C.A. – 7th Circuit
RECEIVED
NOV 15 2024

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

JURISDICTIONAL STATEMENT ................................................................. 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ............................................. 2

STATEMENT OF THE CASE ...................................................................... 2

SUMMARY OF ARGUMENT ...................................................................... 5

ARGUMENT ............................................................................................ 6

I. The District Court Erred by Dismissing Jackson's Complaint Without

Leave to Amend .................................................................................. 6

A. The Standard of Review is De Novo ...................................................... 6

B. When it Granted Defendant's First Motion to Dismiss, the District Court Should Have Given  Leave to Amend To Cure Deficiencies in the Complaint ...................................... 7

CONCLUSION ........................................................................................ 9

CERTIFICATE OF COMPLIANCE WITH CIR. R. 30(a)&(b) ......................................... 10

PROOF OF SERVICE ............................................................................... 11

REQUIRED SHORT APPENDIX ....................................................... Following Page 12

# TABLE OF AUTHORITIES

Case                                                                     Page(s)

*Foster v DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008)............................................9

*Bausch v. Stryker Corp.,* 630 F.3d at 562.......................................................9

*Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d at 1024........................................ 9

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)................................................... 8

Tamayo v. Blagojevich, 526 F.3d 1074,

1081 (7th Cir. 2008).............................................................................. 8

Bausch,603 F.3d at 562.......................................................................... 9

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

........................................................................................................... 8

Equal Employment. Opportunity. Comm'n v. Concentra Health Svcs., Inc.,

496 F.3d 773 (7th Cir. 2007)................................................................... 8

# STATUES

28 U.S.C. § 1291

........................................................................................................... 2

Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 …….......................... passim

## I. Jurisdiction of the District Court

On June 13, 2023 Plaintiff - Appellant Jackson Pro Se filed her Complaint against Defendant-Appellee AbbVie, Inc. alleged in Jackson's complaint are allegations of Wrongful conduct, Racial Discrimination, Racial Harassment, Racial Retaliation and Unlawful Discharge of Employment against Defendant AbbVie, Inc.

The district court had jurisdiction under title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.[3-4] There was no motion to alter, adjustments or toll time to appeal.

## II. Jurisdiction of the Court of Appeals

On July 2, 2024, the United States District Court of Northern District of Illinois dismissed Jackson's claim [15] with prejudice. Jackson filed a timely notice of appeal on June 29, 2024 [28]. This Court has jurisdiction under 28 U.S.C. § 1291 because this is an appeal from a final decision of the district court that disposed of all claims in the district court.

## STATEMENT OF THE ISSUES

### Presented for Review

Rather the trial court err appellants claim with prejudice? District court should have not been dismissed with prejudice and the appellant should have been allowed at least one chance to amend her complaint to state facts that would support the claim of equitable tolling.

## STATEMENT OF THE CASE

On June 13, 2023 Plaintiff - Appellant Jackson Pro Se filed her Complaint alleging Employment Discrimination [9] in the United States District Court For The Northern District Of Illinois No. 23-cv-3747. Alleged in appellant Jackson's complaint are allegations of Wrongful conduct, Racial Discrimination, Racial Harassment, Racial Retaliation and Unlawful Discharge of Employment against Defendant AbbVie, Inc. Jackson further alleged that AbbVie retaliated against her when it discharged her employment because she complained about the racial harassment. Id. at 4. Jackson stated that her job performance was similar to that of non-black employees who were not discharged, and her manager told her she was being terminated because "it was not working out." Id. Charge I states the cause of discrimination as "Race Retaliation". Id. at 2.

Where Jackson received Substantial Evidence from the Department Of Human Rights and Equal Employment Opportunity on these alleged charges.

Jackson filed two separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the department of Human Rights 9("IDHR"). [16-1].

Each complaint of discrimination had been filed timely with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") against AbbVie - IDHR Charge 2019CG0386 / EEOC Charge No. 21BA81906 ("Charge1") and IDHR No. 20193213/EEOC No. 21B-2020-01094 ('Charge II"), respectively.

Second charge was filed in good faith after discovery of more evidence that defendant AbbVie intentionally withheld from plaintiff Jackson to prevent from filing into court. Which is why the second IDHR charge discloses more details and therefore makes the initial statute of limitation date extended to the date of the last offense.

On June 16, 2023 Appellant Jackson filed a second right to sue issued to her from E.E.O.C [7].

August 30, 2023 Plaintiffs - Appellant Jackson Motion to Proceed in Forma Pauperis [4] and Jury Demand [9] was granted.

November 20, 2023 [11] Appellant Jackson's Motion of Default [10] Judgment as to Abbvie filed on November 16, 2023 was heard before Honorable Mary M. Rowland and denied for the defendant AbbVie, Inc. had not yet been served.

November 27, 2023 Acknowledgment of Summons Returned Executed by Shukeitha Jackson as to AbbVie Inc on 11/21/2023, answer due 12/12/2023 [12].

On December 12, 2023 [13-16] Defendant Abbvie, Inc. Attorneys filed Appearances and Motion To Dismiss For Failure To State A Claim and Memorandum in support of Motion To Dismiss For Failure To State A Claim.

On December 26, 2023 Motion by Plaintiff - Appellant Shukeitha Jackson filed for attorney representation [19].

On January 9, 2024 Telephonic status hearing was held [22]. Pro se Plaintiff and defense counsel appeared telephonically. For the reasons stated on the record, Plaintiff's motion for attorney representation [19] is

denied without prejudice. Plaintiff's response to defendant's motion to

dismiss is due 2/29/24. Defendant's reply is due 3/14/23. The court will rule

by mail. Mailed notice. (dm, ) (Entered: 01/09/2024)

On February 15, 2023 Appellant Jackson Filed her Response to Defendant

AbbVie's Motion to Dismiss [23].

On March 14, 2024 Defendant AbbVie, Inc filed their Reply to Brief In

Support Of Its Motion To Dismiss [24].

On July 2, 2024 The Honorable Mary M. Rowland granted Defendants

Motion To Dismiss [15] with prejudice terminated case [25-27].

On July 29, 2024 Appellant Jackson ProSe filed Notice of Appeal

Regarding Orders 25, 26, 27 [28].

On August 26, 2024 Docketing Statement [34], Motion for extension of time

[35] and Request for Preparation of Record [36] on Appeal was filed by

Appellant Jackson regarding notice of appeal [28].

On August 28, 2024 [37] MINUTE entry before the Honorable Mary M.

Rowland: Plaintiff has filed a "motion for extension of time" [35. This court

entered judgment on 7/2/24. [26] . Plaintiff timely filed her notice of appeal

on 7/29/24. [28] . This Court no longer has jurisdiction over Plaintiff's case.

It is pending in the Seventh Circuit Court of Appeals, No. 24-2311. It appears she filed her notice of appeal in a timely fashion. Plaintiff's motion for extension of time [35] is denied. If Plaintiff believes she needs an extension of time, she should file her request for relief in the Seventh Circuit Court of Appeals, Case No. 24-2311. Plaintiff has also filed a Request for preparation of record on appeal [36] . That is filed on a form used in courts in the State of Illinois, not in federal court. The Court further denies the Request for preparation of record on appeal [36] . The Clerk of Court is ordered to send Plaintiff a copy of "Pro Se Instructions for Preparing Docketing Statement" and "Seventh Circuit Transcript Information Sheet". It does appear that Plaintiff's Docketing Statement is due in the Court of Appeals. Plaintiff is advised to address that matter in the Seventh Circuit Court of Appeals. Mailed notice. (dm, ) (Entered: 08/28/2024)

On September 5, 2024 Seventh Circuit transcript information sheet by Shukeith Jackson [38].

## SUMMARY OF ARGUMENT

Appellant argues that the distinct court erred by dismissing her complaint with prejudice when she should have been given a chance to amend the complaint. While a district court's decision to dismiss a case with prejudice after the plaintiff has had an opportunity to remedy the deficiency is given deference, the district court did not give Jackson that opportunity here.

Under Seventh Circuit law, that is an abuse of discretion.

## ARGUMENT

**The District Court Erred by Dismissing Jackson's Complaint Without Leave To Amend and deeming the claim as futile.**

### A. The Standard of Review is De Novo

On July 2, 2024, the district court granted Defendant's motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(6), and entered a corresponding judgment. [25-27]

For a Rule 12(b)(6) permits a district court to dismiss a complaint for failure to state a claim on which relief can be granted. To survive a Rule 12(b)(6)

motion, the complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of the claim and grounds on which it rests, and (2) plausibly suggest that the plaintiff has a right to relief, raising that possibility above the speculative level. Equal Employment. Opportunity. Comm'n v. Concentra Health Svcs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A district court must accept as true all well-pleaded facts in the plaintiff's complaint and draw all reasonable inferences for the plaintiff. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). This Court reviews de novo a district court's grant of a Rule 12(b)(6) motion to dismiss. Id.

**B. When it Granted Defendant's First Motion to Dismiss, the District Court Should Have Given Jackson Leave to Amend To Cure Deficiencies in the Complaint**

A plaintiff whose complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly. E.g., *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d at 1024; *Bausch v. Stryker Corp.,* 630 F.3d at 562; *Foster v DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008); *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 687 & n.3 (7th Cir. 2004).

This Court reviews a district court's denial of a request for leave to amend for an abuse of discretion. Foster, 545 F.3d at 583. It's almost impossible for one to determine the outcome of one's unforeseen defense. The court should grant leave to amend even if it doubts the plaintiff's chances for success. Bausch,603 F.3d at 562.

Alternatively, because the defendants AbbVie actively concealed evidence, the doctrines of equitable estoppel should bars the defendants AbbVie from pleading the statute of limitations as a defense or suspend the running of the limitations period.

AbbVie's decisions to not take my claims seriously and choice to do not. Failure to stop the harassment, rather than enable the harassment. Failure to provide Jackson with the Harassment Policy with disclosure of her rights. By Failure to conduct a proper investigation.

9

Jackson will show cause of extraordinary circumstances of equitable tolling to extend the 90 day statute of limitation, to of which includes explanation for what has been considered to be strategic intentional and dilatory tactics.

## CONCLUSION

Plaintiff - Appellant Shukeitha Jackson asks the Court Of Appeals to reverse the Districts Court Dismissal decision having claims remanded back to District Court.

Date: November 09, 2024

SHUKEITHA JACKSON

Shukeitha Jackson

ProSe for the Plaintiff-Appellant, Jackson

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Plaintiff-Appellant, Pro Se
Shukeitha Jackson, furnishes the following in compliance with F.R.A.P Rule
32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P
Rule 32(a)(7) for a brief produced with a proportionally spaced font. The
length of this brief is (*2178*) words.

Dated Nov. 9, 2024.

523 Helmholz Ave. Waukegan, IL. 60085 (224) 469-5302:

SHUKIETHA JACKSON

Pro Se for the Plaintiff-Appellant, Shukeitha Jackson

## PROOF OF SERVICE

The undersigned, counsel for the Plaintiff-Appellant, Shukeitha Jackson, hereby certifies that on _Jan 9, 2024_ two copies of the Brief and Required Short Appendix of Appellant and one copy of the Separate Appendix, were delivered by __MAIL__ to counsel for the Defendant-Appellee, Jon E.Klinghoffer.

Dated _Jan. 9, 2024_ .

55 E. Monroe St., Suite 3300 Chicago, IL. 60603:

GOLDBERG KOHN LTD.

Shukeitha Jackson
ProSe for the Plaintiff-Appellant, Shukeitha Jackson

**REQUIRED SHORT APPENDIX**

1. Order Entered On July 2, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHUKEITHA JACKSON,

Plaintiff,

v.

ABBVIE INC.,

Defendant.

Case No. 23-cv-03747

Judge Mary M. Rowland

## ORDER

Plaintiff Shukeitha Jackson brings this *pro se* lawsuit against Defendant AbbVie, Inc. [1]; [9]. Jackson has filed suit under Title VII of the Civil Rights Act of 1964 and 42 U.S.C §1981. *Id.* at 3-4. Before the Court is Defendant's motion to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim. [15].

## BACKGROUND

Jackson initially filed two separate charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). [16-1]. Jackson's charges are based on the same alleged conduct that occurred between May 2018 and July 2018. *Id.* On September 18, 2018, Jackson filed her first Charge of discrimination with the IDHR and the EEOC ("Charge I"). In Charge I, Jackson alleged three counts: 1 count of harassment, and 2 counts of retaliatory discharge. *Id.* at 2-3. Jackson alleged that AbbVie, Inc. ("AbbVie") failed to stop racial harassment by a co-worker. *Id.* at 3. Jackson further alleged that AbbVie retaliated against her when it discharged her employment

1

because she complained about the racial harassment. *Id.* at 4. Jackson stated that her job performance was similar to that of non-black employees who were not discharged, and her manager told her she was being terminated because "it was not working out." *Id.* Charge I states the cause of discrimination as "Race Retaliation". *Id.* at 2.

On June 22, 2020, Jackson filed a second charge with the IDHR and the EEOC ("Charge II"). *Id.* at 5. Jackson alleged four claims in total: two claims of racial harassment and two claims of unlawful discharge. *Id.* In the second charge, she added more facts than in the initial charge, including details about the specifics of the harassment. *Id.* Jackson further stated the racial harassment "created a hostile [,] intimidating and offensive workplace". *Id.* at 6-7. Jackson's unlawful discharge claims included: one based on race, and one based on retaliation. *Id.* Charge II again states the cause of discrimination as "Race Retaliation". *Id.* at 5.

Because Jackson filed two different charges with the EEOC, the agency assigned Jackson two different case numbers. *See id.* With respect to Charge I, the EEOC issued a right to sue letter to Jackson on September 6, 2022. [9] at 7. Prior to that, however, Jackson elected to pursue her remedies with respect to Charge I by filing a complaint before the Illinois Human Rights Commission ("IHRC") on September 14, 2020. [16] at 2. The IHRC dismissed Jackon's complaint (Charge I) almost two years later, on August 23, 2022, for want of prosecution. *Id.* In its decision, the IHRC found Jackson: "ha[d] [] done nothing to materially advance her case over the past two years and has on three (3) separate occasions neglected to meet court-

ordered deadlines that she requested and received over Respondent's objections." It found that "these dilatory tactics and corresponding failures to comply with the orders of this administrative court have resulted in [Jackson] producing no discovery whatsoever in this matter to date." *Id.* The court further found that Jackson did not even attempt to provide a substantive response to "any discovery request served by Respondent." The court thus held that her "refusal to participate in the case [was] both *strategic and intentional*" and dismissed the case with prejudice. (emphasis added) *Id.*

On June 10, 2023, Jackson received an additional right to sue letter from the EEOC regarding Charge II. [16] at 3. Nine months after receiving the initial right to sue letter, Jackson relied on it to file her complaint in this Court on June 13, 2023. [1]. In her complaint, Jackson states that the facts supporting her claims of discrimination are "Substantial Evidence for: Racial Harassment – Count I, Racial Discrimination – Count II, and Racial Retaliation – Count III". [1] at 5. After receiving this Court's permission to proceed *in forma pauperis*, the complaint was deemed filed on August 30, 2023. [8].

AbbVie timely filed the present motion to dismiss for failure to state a claim under Rule 12(b)(6). [15].

## STANDARD

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule

12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586-87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)). Although *pro se* complaints are held to a less stringent standard, they are not excused from meeting the basic requirements of the federal rules. *Killebrew v. St. Vincent Health*, 295 Fed. App'x 808, 810 (7th Cir. 2008).

## DISCUSSION

AbbVie argues that Jackson's Title VII and 42 U.S.C §1981 claims are time barred. Specifically, Jackson's Title VII claims are time-barred because she failed to file her complaint within 90 days of receiving her first right-to-sue letter. [15] at 2.

4

AbbVie further argues that Jackson's § 1981 claims are based on alleged conduct that ended in July 2018 and are thus barred by § 1981's four-year statute of limitation. *Id.* In her one-page response, Jackson argues that her Title VII claims are not time barred because she filed within "90 days of receiving the second right-to-sue letter issued by the Equal Employment Opportunity Commission dated June 10, 2023." [23] at 1. Jackson further argues that her § 1981 claims are not time barred because "the four-year statute of limitations begins after exhaustion of administrative remedies." *Id.* The Court agrees with AbbVie.

### A.    *Jackson's Title VII claims are time-barred.*

A plaintiff must file her Title VII complaint within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000E–5 (F)(1); *see also Velasco v. Illinois Dept. of Human Serv.*, 246 F.3d 1010, 1018 (7th Cir. 2001) ("[A] plaintiff must file an action for race discrimination within 90 days of receiving a right-to-sue letter") (internal citation omitted).   If multiple charges are filed and the charges are substantively the same, the first right-to-sue letter controls. *See Avet v. Dart*, 2022 WL 2982109, at *4-6 (N.D.Ill., 2022) (finding the plaintiff filed their federal complaint too late because Charge 1 and Charge 2 are the same). Complaints are time barred even when *pro se* litigants have received multiple right-to-sue letters on different dates. *MacGregor v. DePaul University*, 2010 WL 4167965, at *3 (N.D.Ill. 2010) (citing *Abdullah v. Prada U.S. Corp.*, 520 F.3d 710, 713 (7th Cir. 2008). Courts can grant rare equitable tolling exceptions to the 90-day limitation if the plaintiff has made a "good faith error" or "has been prevented in some extraordinary way from filing his

complaint in time." *MacGregor*, 2010 WL 4167965, at *3 (quoting *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984).

Here, Jackson received the first right-to-sue letter on September 6, 2022. Despite this, she did not file her federal complaint until June 13, 2023, nine months later and well after the 90-day deadline. Although Jackson filed a second charge and received that letter later, it was substantively the same allegations she alleged in Charge I, and it is well established that "[a] claimant cannot resuscitate an expired claim by submitting it a second time." *Avet*, 2022 WL 2982109 at *6 (collecting cases). Her second right-to-sue letter could not revive the expired claim—she was required to file suit by **November 6, 2022**, and failed to do so.

Jackson failed to argue that her claims should be equitably tolled, waiving the issue. Nevertheless, the Court does not find she has made a good faith error or was prevented from filing a timely complaint. Indeed, the IHRC explicitly found that Jackson was dilatory and strategic in failing to prosecute her case previously. In sum, because Jackson's claims are substantively the same and she failed to file a complaint within 90 days of receiving the first right-to-sue letter, Jackson's Title VII claims are time barred.[1]

B.    *Jackson's § 1981 claims are time-barred.*

§1981 claims have a four-year statute of limitations from the date of the alleged conduct. 28 U.S.C. § 1658. Unlike Title VII claims, §1981 claims *do not* have an

---

[1] Jackson failed to allege any facts to put AbbVie on notice of the allegations against it. Jackson has not described who discriminated against her, when it happened, on how many occasions, or provided any facts to support her claims. She has failed to meet the basic pleading requirements under the Rules. The Court dismisses the case on this basis as well.

administrative exhaustion requirement. *Williams v. Cnty. Of Cook*, 969 F. Supp. 2d 1068, 1080 (N.D. Ill. 2013) ("[u]nlike Title VII claims, § 1981 and § 1983 claims do not require the plaintiff to first exhaust administrative remedies before bringing a suit in federal court.").

Here, Jackson alleges that AbbVie wrongfully terminated her on July 31, 2018. [5] at 2. Jackson therefore had until **July 31, 2022**, four years later, to file suit. Jackson failed to do so by the deadline, instead filing suit on June 13, 2023, nearly a year after she was required to. Because Jackson failed to file within the four-year statute of limitation, her §1981 claims are similarly time barred.

Jackson's reliance on *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001) is misplaced and inapplicable. There, the prisoner plaintiff was required to exhaust an administrative grievance process prior to filing suit under the Prisoner Litigation Reform Act ("PLRA"). *Id.* at 522. Under §1981, unlike the PLRA, plaintiffs do not have an exhaustion requirement. Further, the Supreme Court has held that the EEOC's exhaustion requirement does not toll the statute of limitations for Title VII claims (where exhaustion *is* required). *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464-466 (1975). Jackson could have, and indeed was required to, bring suit during the four-year period.

Normally, a district court dismisses an original complaint *without* prejudice to allow a plaintiff an opportunity to cure deficiencies in the original pleading. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 555 (7th Cir. 1996) (district courts are to allow a *pro se* plaintiff ample opportunity to amend the complaint when

it appears the plaintiff can state a meritorious claim). However, Jackson's claims are time barred, and she cannot cure this deficiency. Further, Jackson's case was previously dismissed by the IHRC because of her "dilatory tactics". Here, the procedural deficiencies, coupled with Jackson's previous opportunity to litigate the case, convince the Court that any leave to amend would be futile. The Court therefore dismisses Jackson's complaint with prejudice.

## CONLUSION

For the reasons stated herein, the Court grants Defendant's motion to dismiss. [15]. Plaintiff's complaint is dismissed with prejudice. Civil case terminated.

E N T E R:

Dated: July 2, 2024

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge

8