No. 24-2311

---

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

Shukeitha Jackson,
*Plaintiff-Appellant,*

vs.

AbbVie Inc.
*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois
Eastern Division
No.  23 CV 3747
The Honorable Judge Mary M. Rowland

---

## BRIEF  OF  DEFENDANT-APPELLEE

---

Jon E. Klinghoffer (ARDC No. 6270082)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

*Attorneys for Defendant-Appellee*

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>24-2311</u>

Short Caption: <u>Jackson v. AbbVie Inc.</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> [ ]     **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    AbbVie Inc.

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Goldberg Kohn Ltd.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        No publicly held company owns 10% or more of AbbVie's stock

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: _____    Date: November 8, 2024

Attorney's Printed Name: Jon E. Klinghoffer

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes** [✓]    **No** [ ]

Address: 55 E. Monroe Street, Suite 3300, Chicago, Illinois 60603

Phone Number: 312.201.3887    Fax Number: 312.863.7887

E-Mail Address: jon.klinghoffer@goldbergkohn.com

rev. 12/19 AK

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned, an attorney, hereby certifies that on November 8, 2024, he caused a copy of **ABBVIE'S APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT** to be via U.S. Mail and the Courts e-Filing system upon the following:

        Shukeitha Jackson
        523 Helmholz Ave
        Waukegan, IL 60085

        */s/ Jon E. Klinghoffer*

# TABLE OF CONTENTS

I.    JURISDICTIONAL STATEMENT ................................................... 1

II.    STATEMENT OF THE CASE.......................................................... 1

    A.    Nature of the Case ................................................................ 1

    B.    Course of Proceedings and Disposition Below ...................... 1

    C.    Statement of Facts ................................................................ 2

III.    SUMMARY OF THE ARGUMENT................................................ 4

IV.    ARGUMENT .................................................................................. 4

    A.    Standard of Review ............................................................... 4

    B.    Jackson Waived Any Argument That Her Title VII and § 1981 Claims Were Timely Filed ................................. 5

    C.    Each of Jackson's Claims Fail as a Matter of Law Because They Are Time-Barred ....................................... 5

        1.    Jackson's Title VII Claim Is Time-Barred................................. 5

        2.    Jackson's § 1981 Claim Is Time-Barred ...................... 7

    D.    Dismissal With Prejudice Was Warranted Because Jackson's Claims Are Time-Barred ........................ 8

    E.    The District Court Correctly Ruled That Equitable Tolling Did Not Save Jackson's Time-Barred Claims ................ 9

V.    CONCLUSION ........................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Allen v. City of Chicago,*
  865 F.3d 936 (7th Cir. 2017)........................................................................9

*Avet v. Dart,*
  21-CV-2354, 2022 WL 2982109 (N.D. Ill. July 28, 2022) .........................6

*Bailey v. Int'l Bhd. of Boilermakers, Local 374,*
  175 F.3d 526 (7th Cir. 1999).......................................................................9

*Bradley v. Vill. of Univ. Park,*
  59 F.4th 887 (7th Cir. 2023) .......................................................................5

*Brown v. Unified Sch. Dist. 501,*
  465 F.3d 1184 (10th Cir. 2006)...................................................................6

*Calderon-Ramirez v. McCament,*
  877 F.3d 272 (7th Cir. 2017).......................................................................4

*Dandy v. United Parcel Serv., Inc.,*
  388 F.3d 263 (7th Cir. 2004).......................................................................7

*Dent v. Charles Schwab & Co., Inc.,*
  2024 WL 4864600 (7th Cir. Nov. 22, 2024)........................................... 4, 10

*Farris v. Vector Constr., Inc.,*
  2023 WL 4883491 (7th Cir. Aug. 1, 2023).................................................8

*Grayson v. City of Chicago,*
  317 F.3d 745 (7th Cir. 2003).................................................................9-10

*Henson v. CSC Credit Servs.,*
  29 F.3d 280 (7th Cir. 1994).........................................................................4

*Howard v. Proviso Twp. High Sch., et al.,*
  No. 21-cv-3573, 2022 WL 1185351 (N.D. Ill. Apr. 21, 2022) .................3-4

*Johnson v. Ry. Express Agency, Inc.,*
  421 U.S. 454 (1975).....................................................................................7

*Menominee Indian Tribe of Wis. v. United States,*
  577 U.S. 250 (2016)...................................................................................10

*Mitchell v. Elec. Sys., Inc.*,
1997 WL 321763 (N.D. Ill. June 10, 1997)................................................7

*Pelnarsh v. R.R. Donnelley & Sons Co.*,
348 F. App'x 178 (7th Cir. 2009) ...........................................................9

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
324 U.S. 806 (1945)................................................................................10

*Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*,
748 F.3d 387 (1st Cir. 2014) ...................................................................6

*Soso Liang Lo v. Pan Am. World Airways, Inc.*,
787 F.2d 827 (2d Cir. 1986) .....................................................................6

*Spears v. Mo. Dep't of Corr. & Human Res.*,
210 F.3d 850 (8th Cir. 2000)....................................................................6

*Sweeney v. Flanagan*,
92 F.3d 1187 (7th Cir. 1996) ...................................................................8

*Velasco v. Ill. Dep't of Human Servs.*,
246 F.3d 1010 (7th Cir. 2001) .................................................................5

<u>Statutes</u>

28 U.S.C. § 1331...........................................................................................1
28 U.S.C. § 1658...........................................................................................2
42 U.S.C. § 1981................................................................................... passim
42 U.S.C. § 2000e–5(f)(1) ........................................................................2, 7
42 U.S.C. § 2000e-5(f)(3) .............................................................................1

<u>Rules</u>

Fed. R. App. P. 28 .......................................................................................1

iii

## I.     JURISDICTIONAL STATEMENT

The Jurisdictional Statement submitted by Plaintiff-Appellant Shukeitha Jackson ("Jackson") is not complete and correct because it does not include "the basis for the district court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction," as required by Fed. R. App. P. 28.  The district court, however, had federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Jackson brought federal claims of discrimination under 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1981.  Jackson's Jurisdictional Statement is also incorrect because it identifies the date that her appeal was filed as "June 29, 2024."  Jackson, however, filed her appeal on July 29, 2024.  The remainder of Jackson's Jurisdictional Statement is complete and correct.

## II.     STATEMENT OF THE CASE

### A.     Nature of the Case

Jackson, a former third-party worker who provided services for Defendant-Appellee AbbVie Inc. ("AbbVie"), claims that AbbVie failed to promote her, failed to stop harassment and terminated her because of her race and color, and retaliated against her for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) ("Title VII") and 42 U.S.C. § 1981 ("§ 1981").

### B.     Course of Proceedings and Disposition Below

After full briefing, the Honorable Mary M. Rowland granted AbbVie's Motion to Dismiss on each of Jackson's claims. Judge Rowland held that Jackson's Title VII

and § 1981 claims were time-barred because: (1) Jackson filed suit nine months after receiving her first right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") in violation of 42 U.S.C. § 2000e–5(f)(1) which requires a plaintiff to file a Title VII complaint within 90 days of receiving a right-to-sue letter; and (2) Jackson filed suit nearly five years after being allegedly wrongfully terminated on July 31, 2018, in violation of 28 U.S.C. § 1658's four-year statute of limitations applicable to § 1981 claims. (*See* Plaintiff-Appellant's Required Short Appendix ("RSA"), J. Rowland's July 2, 2024 Order, ECF No. 26 at 5-6.) Judge Rowland also ruled that Jackson waived any argument that her otherwise time-barred claims should be equitably tolled; and that even if Jackson had not waived the equitable tolling argument, that equitable tolling could not save Jackson's time-barred claims because Jackson did not make a "good faith error" and was not "prevented from filing a timely complaint." (*Id.* at 6.)

### C.    Statement of Facts

In 2018 and 2020, Jackson cross-filed two charges of discrimination against AbbVie with the Illinois Department of Human Rights ("IDHR") and the EEOC – IDHR Charge 2019CF0386/EEOC Charge No. 21BA81906 ("Charge I") and IDHR No. 2019CF3213/EEOC No. 21B-2020-01094 ("Charge II"), respectively. (*See* Charge I and Charge II, ECF No. 16-1 at 2-8.) Both charges were based on the same alleged wrongful conduct – namely that between May 2018 and July 2018, AbbVie harassed Jackson based on her race, retaliated against her for complaining about the same, and discriminated against her when it discharged her employment. (*Compare* Charge I and Charge II at *id.*)

Jackson received a right-to-sue letter from the EEOC with respect to Charge II on September 6, 2022 ("Sept. 6, 2022 Right-to-Sue Letter"). (*See* Sept. 6, 2022 Right-to-Sue Letter, ECF No. 9 at 7.) Jackson elected to pursue her remedies with respect to Charge I by filing a complaint before the Illinois Human Rights Commission (the "Commission"). On August 23, 2022, the Commission dismissed Jackson's complaint for want of prosecution when it adopted the findings of the administrative law judge who found that Jackson:

> has [] done nothing to materially advance her case over the past two years and has on three (3) separate occasions neglected to meet court-ordered deadlines that she requested and received over Respondent's objections. These dilatory tactics and corresponding failures to comply with the orders of this administrative court have resulted in Complainant producing no discovery whatsoever to date. In fact, Complainant has not even attempted to provide a substantive response to any discovery request served by Respondent. Accordingly, because I find that her refusal to meaningfully participate in this case is both strategic and intentional, I am recommending that the Illinois Human Rights Commission (the "Commission") grant Respondent's motion to dismiss this case and the underlying charge of discrimination with prejudice[.]

(*See* Recommended Order and Decision, ECF No. 16-2 at 4.[1]) The EEOC then issued a right-to-sue letter *vis a vis* Charge I on June 10, 2023. (*See* June 10, 2023 Right-to-Sue Letter, ECF No. 7 at 2.)

---

[1] The Commission's rulings are matters of public record, of which the district court properly took judicial notice without converting AbbVie's Rule 12(b)(6) motion into a motion for summary judgment. *Howard v. Proviso Twp. High Sch., et al.*, No. 21-cv-3573, 2022 WL 1185351, at *n. 2 (N.D. Ill. Apr. 21, 2022) (*citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) and taking judicial notice of the Commission's rulings when considering a Rule 12(b)(6) motion).

On June 13, 2023, nine months after receiving the Sept. 6, 2022 Right-to-Sue Letter, Jackson filed her Complaint of Employment Discrimination (the "Complaint") with the district court. (*See* Complaint, ECF No. 9.)

## III.  SUMMARY OF THE ARGUMENT

The district court's dismissal of Jackson's Title VII and § 1981 claims should be affirmed because the district court correctly held that all of Jackson's claims are time-barred.  The district court's dismissal of Jackson's claims should also be affirmed because Jackson waived any argument related to equitable tolling, and even if she had not, the district court correctly found that Jackson did not make a "good faith error" and was not "prevented from filing a timely complaint."  (RSA, Order, ECF No. 26 at 6).  Accordingly, the district court's dismissal of Jackson's claims must be affirmed in its entirety.

## IV.  ARGUMENT

### A.  Standard of Review

The standard of review for the district court's granting of a motion to dismiss is *de novo*. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017) ("We review a district court's grant of a motion to dismiss for failure to state a claim *de novo*.").  The standard of review for the district court's decision to deny equitable tolling is abuse of discretion. *See Dent v. Charles Schwab & Co., Inc.*, No. 24-1480, 2024 WL 4864600, at *1 (7th Cir. Nov. 22, 2024).

**B.     Jackson Waived Any Argument That Her Title VII and § 1981 Claims Were Timely Filed**

On appeal, Jackson does not argue that her Complaint was filed within 90 days of receiving her EEOC right-to-sue letter or within § 1981's four-year statute of limitations.   Rather, Jackson argues that the district court should not have dismissed her Complaint with prejudice and should have allowed Jackson to amend her Complaint. (Br. at 8-9).   Accordingly, Jackson has waived any argument that her claims were timely filed.  *See Bradley v. Vill. of Univ. Park*, 59 F.4th 887, 897 (7th Cir. 2023) ("An appellant may waive a non-jurisdictional issue or argument in many ways, such as . . . by failing to raise it at all in the party's opening brief on appeal").

**C.     Each of Jackson's Claims Fail as a Matter of Law Because They Are Time-Barred**

Even if her timeliness argument was not waived, the district court correctly held that Jackson's Title VII and § 1981 claims are time-barred. (RSA, Order, ECF No. 26 at 5-6).

**1.     *Jackson's Title VII Claim Is Time-Barred***

Under Title VII, a "plaintiff must file an action for race discrimination within 90 days of receiving a right-to-sue letter." *Velasco v. Ill. Dep't of Human Servs.*, 246 F.3d 1010, 1018 (7th Cir. 2001).  Jackson failed to meet the 90-day deadline, filing her Complaint nine months after receiving her first right-to-sue letter.  Jackson's 90-day clock began to run on September 6, 2022, when the EEOC issued its Sept. 6, 2022 Right-to-Sue Letter. (*See* ECF No. 9 at 7.) Accordingly, Jackson had until December 5, 2022, to file her Title VII claims against AbbVie.  Jackson, however,

waited until June 13, 2023 to file her Complaint.  Accordingly, the district court's dismissal of her Title VII claims as untimely must be affirmed.

Although she does not argue the point in her brief, the district court correctly ruled that Jackson's receipt of a second right-to-sue letter, for her substantively identical charge of discrimination, did not give rise to another 90-day statute of limitations.  (RSA, Order, ECF No. 26 at 5-6).  Although not specifically ruled on by this Court, each Circuit that has addressed the issue, as well as many district courts within the Seventh Circuit, have ruled that receipt of a second right-to-sue letter issued for a substantively identical administrative charge of discrimination does not give rise to another 90-day statute of limitations.  *See Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986) (finding suit time-barred where plaintiff obtained a second right-to-sue letter based on facts identical to an expired, initial right-to-sue letter); *see also Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.*, 748 F.3d 387, 391 (1st Cir. 2014) (plaintiff's Title VII claim filed after the 90-day deadline could not be "resuscitated by the filing of a second administrative charge"); *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1186 (10th Cir. 2006) ("lapsed claims are not revived by including them in a second EEOC charge and restarting the process"); *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 853 (8th Cir. 2000) (barring plaintiff from filing suit based on second EEOC charge that replicated an untimely charge); *Avet v. Dart*, 21-CV-2354, 2022 WL 2982109, at *6 (N.D. Ill. July 28, 2022) ("receiving a second right to sue letter about an expired claim cannot bring it back to life, []. For that reason, courts often dismiss

complaints based on expired right to sue letters, even when a plaintiff has a later-in-time letter, too."); *Mitchell v. Elec. Sys., Inc.,* 96 C 7883, 1997 WL 321763, at *2 (N.D. Ill. June 10, 1997) ("whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue. Otherwise, the time limitations of 42 U.S.C. § 2000e–5(f)(1) would be meaningless"). Accordingly, because Jackson filed her Complaint nine months after receiving her first right-to-sue letter, the district court's dismissal of her Title VII claim must be affirmed.

### 2.    *Jackson's § 1981 Claim Is Time-Barred*

The district court also correctly found that Jackson's § 1981 claim is time-barred. (RSA, ECF No. 26 at 6-8). The statute of limitations on a § 1981 claim is four years from the date of the alleged conduct giving rise to the claims. *See Dandy v. United Parcel Serv., Inc.,* 388 F.3d 263, 269 (7th Cir. 2004). In this case, Jackson's statute of limitations began to run on the date that Jackson alleges that AbbVie wrongfully terminated her – July 31, 2018. (*See* ECF No. 5 at 2.) Accordingly, the latest possible date for Jackson to file timely § 1981 claims was July 31, 2022. Jackson, however, filed her § 1981 claims on June 23, 2023 – nearly 11 months too late.

Moreover, Jackson's choice to prosecute her first charge of discrimination with the Commission did not toll the statute of limitations on her § 1981 claims as a matter of law. The Supreme Court has specifically held that the administrative exhaustion requirements for Title VII claims do not toll the statute of limitations for § 1981 claims. *See Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464-66 (1975)

(holding that timely filing of an employment discrimination charge with the EEOC pursuant to Title VII does not toll the running of the limitations period applicable to an action, based on the same facts, brought under § 1981. Accordingly, the district court's dismissal of Jackson's § 1981 claims must be affirmed.

### D. Dismissal With Prejudice Was Warranted Because Jackson's Claims Are Time-Barred

On appeal, Jackson argues that her Complaint should not have been dismissed with prejudice and she should have been allowed to amend her Complaint. (Br. at 8-9). Both arguments fail. Initially, Jackson never sought leave to amend her Complaint in the district court and, therefore, this argument is waived. *See Sweeney v. Flanagan*, 92 F.3d 1187 (7th Cir. 1996) (plaintiff waived argument that district court did not allow him to amend his complaint where he failed to make the request to amend before the district court).

Moreover, dismissal with prejudice was warranted because, even if Jackson had sought leave to amend her Complaint, such an amendment would have been futile because she could not amend her Complaint to revive clearly time-barred claims. *See Farris v. Vector Constr., Inc.*, 22-3183, 2023 WL 4883491, at *2 (7th Cir. Aug. 1, 2023) (holding that district court correctly granted a motion to dismiss with prejudice because any amendment to a time-barred discrimination claim would have been futile.) For these reasons, the district court's dismissal of Jackson's Complaint with prejudice should be affirmed.

### E.    The District Court Correctly Ruled That Equitable Tolling Did Not Save Jackson's Time-Barred Claims

Jackson also argues that "because the defendants AbbVie [*sic*] actively concealed evidence, the doctrines of equitable estoppel should bars [*sic*] the defendants [*sic*] AbbVie from pleading the statute of limitations as a defense or suspend the running of the limitations period." (Br. at 9). Jackson, however, never raised the issue of equitable tolling before the district court. Indeed, Jackson's one-page response to AbbVie's motion to dismiss was devoid of any mention of equitable tolling or any reason why equitable tolling should be applied in this case. (*See* Jackson's Response to AbbVie's Motion to Dismiss, ECF No. 23.) The district court thus correctly held that Jackson waived any equitable tolling argument. (RSA, Order, ECF No. 26 at 6).

Jackson has waived any equitable tolling argument on appeal as well. It is "well settled that arguments presented for the first time on appeal are waived." *Allen v. City of Chicago*, 865 F.3d 936, 943 (7th Cir. 2017) (citing *Bailey v. Int'l Bhd. of Boilermakers, Local 374*, 175 F.3d 526, 529 (7th Cir. 1999)). On multiple occasions, this Court has applied this waiver principle to discrimination plaintiffs who failed to raise equitable tolling in the district court. *See e.g., Pelnarsh v. R.R. Donnelley & Sons Co.*, 348 F. App'x 178, 181 (7th Cir. 2009) ("Finally, Pelnarsh suggests on appeal that even if her administrative charge was untimely, she should be permitted to go forward with her lawsuit based on the doctrines of equitable tolling and estoppel. But because she failed to raise these doctrines in the district court, they are waived."); *Grayson v. City of Chicago*, 317 F.3d 745, 751 (7th Cir.

2003) (holding that discrimination plaintiff waived equitable tolling argument because he failed to raise it before the district court).

Even assuming that Jackson had not waived any equitable tolling argument, the district court did not abuse its discretion in finding that equitable tolling could not save Jackson's otherwise time-barred claims. (RSA, Order, ECF No. 26 at 6, 8.) Equitable tolling "is an extraordinary remedy, and the burden is on the party seeking its application to demonstrate that it is warranted." *Dent*, 2024 WL 4864600, at *1. To benefit from equitable tolling, Jackson must have shown two elements: "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). Importantly, both prongs are required. *See id.* Here, however, Jackson did not— and cannot—show either requirement.

Jackson certainly was not "diligently pursing her rights." Indeed, Jackson failed to participate in her own case before the Commission for over two years causing the Commission to dismiss her action for want of prosecution. Indeed, the Commission went so far as to adopt a finding that Jackson's "refusal to meaningfully participate in this case is both strategic and intentional[.]" (*See* Recommended Order and Decision, ECF No. 16-2 at 4.) It would not be "equitable" for the district court to have tolled Jackson's deadlines when Jackson employed what the Commission called "dilatory tactics." *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 815 (1945) (remarking that principles of

-10-

equity give courts a wide range of discretion in refusing to aid litigants with unclean hands.).

Moreover, Jackson has not identified any extraordinary actions that caused her to miss the 90-day deadline for her Title VII claims or to wait five years from her termination to file her § 1981 claims. In her opening brief, Jackson conclusorily argues that AbbVie "intentionally withheld" evidence from her, but at the same time concedes that she possessed such evidence when she filed her second charge of discrimination in 2020. (Br. at 3). Additionally, Jackson makes no argument that this allegedly concealed evidence in any way impacted her ability to file her Complaint within 90 days of receiving her first right-to-sue letter.

## V.     CONCLUSION

For all of the reasons stated above, AbbVie requests that this Court affirm the district court's dismissal with prejudice of Jackson's Complaint in its entirety.

Dated: December 11, 2024

/s/ Jon E. Klinghoffer
Attorney for Defendant-Appellee, AbbVie
Inc.

Jon E. Klinghoffer (ARDC No. 6270082)
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
(312) 201-4000

*Attorneys for Defendants-Appellees*

<u>**CERTIFICATE OF COMPLIANCE**</u>

       1.     This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Circuit Rule 32(c) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 2,841 words.

       2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), as modified by Circuit Rule 32(b), and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 12 point Century font.

/s/ Jon E. Klinghoffer
Attorney for Defendant-Appellee, AbbVie Inc.

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned, an attorney, hereby certifies that on December 11, 2024, he caused a copy of **BRIEF OF DEFENDANT-APPELLEE ABBVIE INC.** to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system and served via U.S. Mail and the Courts e-Filing system upon the following:

       Shukeitha Jackson
       523 Helmholz Ave
       Waukegan, IL 60085

       */s/ Jon E. Klinghoffer*